IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Mark W. Miller, | : | |
| | : | Case No. 1:12-cv-242 |
| Plaintiff, | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting Defendant's Motion for Summary Judgment |
| Federal Elections Commission, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendant's Motion for Summary Judgment (Doc. 8). Plaintiff, Mark W. Miller, filed this action for declaratory and injunctive relief against Defendant, the Federal Elections Commission ("FEC"), pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  The FEC now has moved for summary judgment on the grounds of mootness and the applicability of FOIA statutory exemptions.  For the reasons that follow, the Court will **GRANT** the Motion for Summary Judgment.

**I.     BACKGROUND**

**A.     Factual Background**

The relevant background facts discussed herein are derived, except where otherwise noted, from the FEC's proposed Statement of Undisputed Material Facts (Doc. 9) and Miller's Response thereto (Doc. 11-3).

Defendant FEC was established by Congress to administer and enforce federal campaign finance laws.  The FEC's Office of General Counsel, through the Administrative Law Team, is responsible for administering the agency's FOIA program.  The Administrative Law Team also provides traditional in-house legal services to the FEC on issues related to FOIA and other

matters.  The FEC's "FOIA Service Center" refers in practical terms to the Administrative Law Team's paralegals and attorneys.

In correspondence dated November 23, 2011, Plaintiff Miller sent a FOIA request letter to the FEC.  (Doc. 1-2.)  The FOIA request letter was addressed to the Chief FOIA Officer at both the FEC's regular Postal Service address and at an email address.  Miller sought the following information in the FOIA request:

> Specifically I request that you provide me with copies of all records received produced, maintained, or kept by the Federal Elections Commission pertaining to a letter sent to Commission by Phil Greenberg on behalf of Schmidt for Congress Committee ("Greenberg Letter").  The Greenberg Letter was received by the Commission on or about October 13, 2011 at 4:26 P.M. and had been styled as [Advisory Opinion Request] AOR 2011-20 by the Commission.[ ]  I do not request a copy of the Greenberg Letter, nor do I request a copy of the public comment letter submitted by David Krikorian received by the Commission on October 26, at approximately 3:20 p.m.

(*Id.*)  The FOIA Service Center received this request letter on December 5, 2011 via regular mail and designated it as FOIA Request 2012-13.

When FOIA Request 2012-13 arrived on December 5, 2011, the FOIA Service Center had a months-old vacancy in the position of Assistant General Counsel for Administrative Law, the first line supervisor for the FOIA Service Center.  William F. Buckley, Jr., a staff attorney for the FOIA Service Center, assigned himself to work on the request.  Christopher Mealy, a paralegal in the FOIA Service Center, created a FOIA file for the request, logged it into the administrative computer system, and sent Miller a standard email acknowledging receipt of FOIA Request 2012-13 on December 5, 2011.  Buckley and Mealy also searched the FEC's email account to see if Miller had sent Request 2012-13 via email to the FEC.  They did not find any requests or emails from Miller in the email account.

The FOIA Service Center completes an Intake and Processing form upon receipt of a FOIA request. The Service Center initially determines whether a request should be placed on a "simple," "expedited," or "extended" track. Buckley placed FOIA Request 2012-13 on the simple processing track after determining that it reasonably described the records sought and was made in accordance with 11 C.F.R. § 4.7(b), thus constituting a perfected request. The simple track typically is used for requests which can be resolved within twenty working days.

On December 6, 2012, Buckley sent a proposed FOIA search email to Larry Calvert, the Chief FOIA Officer, for approval. Buckley and Calvert determined that documents relevant to Request 2012-13 would be found in the Office of General Counsel's Policy Division, the FEC division that helps administer and respond to requests for advisory opinions.

On January 12, 2012, Christopher Finney, an attorney on behalf of Plaintiff Miller, telephoned the FEC's Administrative Law Team to inquire about the status of Request 2012-13. Candace Salley, a paralegal, conferred with Buckley and then advised Finney that the FOIA Service Center was working on the request.

On January 18, 2012, Calvert sent the search email for Request 2012-13 to Amy Rothstein and Cheryl Hemsley, the attorneys who had handled Advisory Opinion Request 2011-20. Calvert requested that Rothstein and Hemsley assemble the potentially responsive documents for review.

On January 26, 2012, Hemsley provided Buckley via email and hand delivery the documents that related to Advisory Opinion Request 2011-20 and the FOIA Request 2012-13. Buckley reviewed the materials and forwarded them to Calvert for approval on January 27, 2012. Buckley both identified responsive documents subject to disclosure and responsive documents purportedly protected from disclosure pursuant to FOIA statutory exemptions. During the

remainder of January 2012 and through February 2012, Buckley and Calvert discussed the processing of FOIA Request 2012-13, passing the potentially responsive documents back and forth.

On February 29, 2012, Buckley received via regular mail correspondence from Plaintiff Miller dated February 14, 2012. It included as an attachment a copy of a FOIA administrative appeal ("the Appeal Letter") dated January 9, 2012 concerning the FEC's failure to timely respond to Request 2012-13. Buckley had not seen previously the Appeal Letter. The Appeal Letter indicated it had been sent both by email and by regular mail. Buckley searched the FEC Service Center email account for a copy of the Appeal Letter, but did not find it. Paralegals Salley and Mealy also searched the email account for the Appeal Letter, but did not find it. No one in the FOIA Service Center had seen the January 9, 2012 Appeal Letter prior to when it was received as an attachment to Miller's February 29, 2012 correspondence.

Draft responses and decision letters are sent to two managers for review and approval before being issued: the Assistant General Counsel for Administrative Law and the Chief FOIA Officer. In March 2012, Gregory Baker replaced Calvert as the FEC's Chief FOIA Officer and Eyana Esters was named to the vacant Assistant General Counsel for Administrative Law position. The position been vacant for nearly a year. Buckley sent the FOIA Request 2012-13 response materials to Esters on March 1, 2012. The Service Center had a backlog of nineteen FOIA requests at that time, including Request 2012-13, plus approximately thirty additional open matters.

On April 2, 2012, Esters completed her review of Request 2012-13 and made final decisions on which materials to produce and which exemptions to assert. Thereafter, Baker, the new Chief FOIA Officer, also reviewed and approved the disclosures.

Unknown to the FOIA Service Center, Plaintiff Miller initiated this lawsuit on March 26, 2012 by filing the Complaint for Declaratory and Injunctive Relief (Doc. 1). The FOIA Service Center learned about the lawsuit on April 9, 2012. Nine days later, on April 18, 2012, the FEC provided Miller with its response to FOIA Request 2012-13 by email. It provided responsive documents, some of which were redacted, and withheld other documents on the basis of statutory exemptions. On July 11, 2012, the FEC denied Miller's Appeal Letter as moot.

**B.** **Procedural Posture**

As stated above, Plaintiff Miller filed a Complaint seeking declaratory and injunctive relief pursuant to FOIA, 5 U.S.C. § 552. In the Complaint, Miller seeks a declaration that the FEC failed to respond to FOIA Request 2012-13 and to the related Appeal Letter. Miller also seeks an order enjoining the FEC to make the responsive documents available. Finally, Miller seeks an award of costs and reasonable attorney fees. Miller has not amended the Complaint to reflect the fact that the FEC has produced responsive documents.

The Court held a preliminary pretrial conference in this case on August 15, 2012. Defendant FEC filed the pending Motion for Summary Judgment thereafter on September 21, 2012. The Motion is fully briefed and ripe for adjudication.

**II.** **STANDARDS GOVERNING MOTIONS FOR SUMMARY JUDGMENT**

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, the movant has the burden of showing that no genuine issues of material fact are in dispute, and the evidence, together with all inferences that can permissibly be drawn therefrom, must be read in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus.*

*Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011).

The movant may support a motion for summary judgment with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). In responding to a summary judgment motion, the nonmoving party may not rest upon the pleadings but must go beyond the pleadings and "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). The Court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. A genuine issue for trial exists when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

## III. ANALYSIS

The FEC first moves for summary judgment on the grounds that Plaintiff Miller's FOIA claim is moot. Miller initiated this lawsuit to compel the FEC to respond to FOIA Request 2012-13 and the Appeal Letter. FOIA requires that agencies "determine" within twenty working days after "receipt" of a FOIA request "whether to comply with such request and [to] immediately notify the person making the request of such determination and the reasons therefor." 5 U.S.C. § 552(a)(6)(A)(i). There is likewise a twenty-working-days determination deadline after the receipt of any administrative appeal. *Id.* § 552(a)(6)(A)(i). The FEC exceeded the twenty-day deadlines to respond to both Request 2012-13 and the Appeal Letter.

District courts have subject matter jurisdiction pursuant to the FOIA "to enjoin the agency from withholding agency records and to order the production of any agency records

6

improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Cases become moot when an agency produces responsive documents. *See GMRI, Inc. v. EEOC*, 149 F.3d 449, 451 (6th Cir. 1998) ("Once the [agency] turned over everything in its possession related to plaintiff's FOIA request, the merits of plaintiff's claim for relief, in the form of production of information, became moot."); *see also*, *e.g.*, *Cornicopia Inst. v. U.S. Dep't of Agric.*, 560 F.3d 673, 675 (7th Cir. 2009) (stating that a FOIA claim is moot when the government produces all the documents that the plaintiff requested). Plaintiff Miller concedes that the FEC produced numerous documents responsive to his FOIA request on April 18, 2012. Miller also concedes that the FEC conducted an adequate search that was reasonably calculated to uncover all relevant documents. Therefore, Miller's claim is moot to the extent that the FEC has produced documents responsive to Request 2012-13.

Plaintiff Miller, nonetheless, contests that the FEC is entitled to summary judgment. First, Miller asserts that the FEC wrongfully applied FOIA statutory exemptions to redact and withhold responsive documents. Second, Miller asserts that the Court retains equitable jurisdiction to determine whether Miller is entitled to attorney fees and costs as a prevailing party.

Starting with the statutory exemptions argument, the Court notes that Miller alleged in the Complaint only that the FEC had not responded to Request 2012-13. Miller concedes that his original factual allegation is no longer accurate. Miller has not moved to amend the Complaint to state a claim that the FEC has wrongfully applied statutory exemptions to redact and withhold responsive documents. Rather, he makes the argument for the first time in his Memorandum in Opposition (Doc. 11-1). The FEC contends that if Miller is permitted to amend

7

the basis for his claim to allege that the FEC wrongfully applied FOIA statutory exemptions, then Miller should be required to exhaust his administrative remedies as to that claim.[1]

The Freedom of Information Act permits a person who has made a FOIA request to file an appeal of adverse determinations. 5 U.S.C. § 552(a)(6)(A); 11 C.F.R. § 4.8(a). This statutory scheme requires a plaintiff to exhaust his administrative remedies before proceeding with a FOIA suit in district court. The exhaustion requirement is considered to be a jurisdictional prerequisite in the Sixth Circuit. *Reisman v. Bullard*, 14 F. App'x 377, 379 (6th Cir. 2001) (jurisdictional); *Fields v. I.R.S.*, No. 12-14753, 2013 WL 3353921, *3–5 (E.D. Mich. Jul. 3, 2013) (jurisdictional); *but see Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003) (exhaustion requirement applies, but is not jurisdictional). The exhaustion requirement provides the federal agency "an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Hidalgo*, 344 F.3d at 1259 (citation omitted); *see also Percy Squire Co. LLC v. The Fed. Commc'ns Comm'n*, No. 2:09cv428, 2009 WL 2448011, at *4 (S.D. Ohio Aug. 7, 2009) (same). However, a person making a records request shall be deemed to have constructively exhausted his administrative remedies if the agency fails to respond within the statutory time limitations. 5 U.S.C. § 552(a)(6)(C)(i). In this case, Miller actually and constructively exhausted his administrative remedies as to his original claim that the FEC failed to timely respond to Request 2012-13 and the Appeal Letter.

However, the FOIA statute does not appear to directly address this situation where a plaintiff exhausted his original claim that the agency failed to timely respond to a FOIA request, but then seeks to amend the claim to allege that the agency improperly applied FOIA statutory exemptions when responding to that request after the lawsuit was filed. Federal courts require a person who submitted a FOIA request to exhaust administrative remedies when the agency

---

[1] The FEC alternatively argues that its FOIA exemptions decisions were proper.

responded to the request in an untimely manner, but before a lawsuit was initiated. *See e.g. Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 63–64 (D.C. Cir. 1990); *Percy Squire*, 2009 WL 2448011, at *4. The Court believes that the same standard should apply here when the FEC responded to Request 2012-13 after Miller initiated this suit. Miller first should appeal administratively to the FEC its decision to redact and withhold certain responsive documents pursuant to statutory exemptions. *See Muset v. Ishimaru*, 783 F. Supp. 2d 360, 372 (E.D.N.Y. 2011). The FEC should be given the opportunity to use its expertise to review its initial exemption decisions and correct any errors prior to a review by the Court.

      The *Muset* case is instructive. Muset made his FOIA request on July 28, 2007. *Id.* at 366. He filed a complaint on October 1, 2007 and an amended complaint on January 17, 2008 when he had not received responsive documents. *Id.* On May 14, 2008, the IRS produced 412 responsive documents, including 325 pages with redactions, and withheld 64 responsive documents. *Id.* at 366. The IRS stated it was withholding the information pursuant to FOIA exemptions. *Id.* The district court held that Muset's FOIA claim was moot to the extent that he received responsive documents. *Id.* at 372. However, the court also held that Muset had to "first appeal directly to the IRS before seeking federal relief" to the extent he wished to challenge the IRS regarding the documents that were withheld or redacted. *Id.*; *see also ACLU of Mich. v. F.B.I.*, No. 11-13154, 2012 WL 4513626, at *4 (E.D. Mich. 2012) (finding that a plaintiff exhausted the FOIA issues which it asserted in an administrative appeal, but failed to exhaust the FOIA issue—whether the agency had made an adequate records search—which it had not asserted in the administrative appeal). Likewise, Miller must first appeal to the FEC the FEC's determinations that certain documents had to be redacted or withheld pursuant to FOIA exemptions. The Court will dismiss without prejudice Miller's FOIA claim to the extent he

argues that the FEC wrongfully applied exemptions to redact and withhold documents so that Miller first may administratively exhaust that claim.

As a final matter, the Court will briefly address Miller's argument that he is entitled to attorney fees and costs. District courts may award reasonable attorney fees and other litigation costs to a plaintiff who has "substantially prevailed" in a FOIA case. 5 U.S.C § 552(a)(4)(E)(i) and (ii). A plaintiff has substantially prevailed when he obtains relief through "a voluntary or unilateral *change in position* by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii)(II) (emphasis added). The Court ordinarily does not determine whether a plaintiff is entitled to attorney fees and costs as the prevailing party as part of the adjudication of the defendant's motion for summary judgment. Rather, the Court resolves attorney fees issues upon motion after the adjudication of the case on the merits. Plaintiff Miller has not filed a motion for attorney fees and costs in this case. The Court will note, however, that Miller faces a difficult challenge to prove that he substantially prevailed in this case. The evidence here indicates that the FEC was preparing a response to FOIA Request 2012-13 prior to the initiation of the lawsuit.

**IV.    CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. 8) is hereby **GRANTED**. Plaintiff Miller's FOIA claim is moot to the extent that that the FEC has provided unredacted responsive documents. To the extent that Miller argues that the FEC improperly applied FOIA statutory exemptions to redact and withhold responsive documents, the FOIA claim is dismissed without prejudice in order that Miller may exhaust his administrative remedies.

IT IS SO ORDERED.

S/Susan J. Dlott_____
Chief Judge Susan J. Dlott
United States District Court

11